a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES EDWARD DICKENS, Petitioner | CIVIL ACTION NO. 5:19-CV-1574-P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DAVID WADE CORRECTIONAL CENTER, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by *pro se* Petitioner James Edward Dickens ("Dickens") (#342400). Dickens is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. Dickens challenges his molestation conviction in the First Judicial District Court, Caddo Parish.

Because Dickens's Petition (ECF Nos. 1, 6) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Dickens was charged by Indictment with two counts of aggravated rape of a victim under the age of 13, indecent behavior with a juvenile victim under the age of 13, and sexual battery of a victim under the age of 13. ECF No. 1-3 at 25. Dickens pleaded guilty to molestation of a juvenile under the age of 13, with an agreed-upon

sentence of 25 years at hard labor without benefits, and the other counts of the indictment were dismissed. ECF No. 1-3 at 14.

Pursuant to the plea agreement, Dickens waived his right to appeal. ECF No. 1-3 at 19. Dickens does not allege that he sought post-conviction review in the state courts.

In his §2254 Petition, Dickens alleges that the trial court lacked jurisdiction to convict him; that he was not provided with a copy of the indictment during arraignment; that he was denied his right to an evidentiary hearing; and that his plea was not knowingly made. ECF No. 1.

## II. Law and Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Dickens's conviction became final for AEDPA purposes on October 8, 2017, 30 days after the imposition of his sentence. *See* La. C. Cr. P. art. 914. Dickens had one year from that date within which to file a § 2254 petition. Dickens's Petition (ECF

No. 1) was filed on December 2, 2019, more than one year past the expiration of the period allowed under the AEDPA.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, Dickens did not file an application for post-conviction relief, so statutory tolling is not applicable.

The AEDPA's one-year statutory deadline can also be equitably tolled in exceptional circumstances. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). For equitable tolling to apply, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). A petitioner bears the burden of proving entitlement to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Dickens has not requested equitable tolling, and the record does not support the application of the equitable tolling doctrine in this case.

### III. Conclusion

Because the Petition was filed after the expiration of the statute of limitations, IT IS RECOMMENDED that Dickens's § 2254 Petition (ECF No. 1, 6) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 31st day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE